# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:13-00091 |
| | ) JUDGE SHARP/KNOWLES |
| | ) JURY DEMAND |
| DERRICK SCHOFIELD, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon the pro se prisoner Plaintiff's "Motion for a Temporary Restraining Order and a Preliminary Injunction." Docket No. 44. Plaintiff has filed a supporting Memorandum of Law (Docket No. 45), his own Declaration (Docket No. 46), and the Declaration of Harold Schaffer, who apparently is a fellow inmate of Plaintiff. Docket No. 47.

Plaintiff began this action with the filing of a 32-page Verified Complaint that named thirty-six Defendants. Docket No. 1. The Court undertook a frivolity review pursuant to 28 U.S.C. § 1915A(a) and 42 U.S.C. § 1997(e). Docket No. 7. The Court dismissed seven Defendants, leaving twenty-nine in the case. *Id.*

Plaintiff subsequently filed an Amended Verified Complaint against those twenty-nine Defendants. The introduction to the Amended Complaint states in part as follows:

> Plaintiff alleges that the defendants named in the complaint have, and contend to, violate his constitutional rights by totally

> abdicating their official duties and responsibilities, which are affirmatively imposed upon by law, policy, or the inherent nature of their job. These acts or omissions include abandoning the specific duties of their position and failing to do their job. Other acts include interfering with or disregarding a doctor's orders and failing to provide adequate medical care. And finally, plaintiff asserts that he was deprived of the equal protection of the law and subjective to excessive force. Plaintiff asserts that all of the acts or omissions are unconstitutional, illegal, and unauthorized, and violated the plain terms of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges the State law tort of assault.

Docket No. 15, p. 2.

The Amended Complaint raises the following general claims: (1) denial of medical care for Plaintiff's hepatitis C; (2) disregarding or interfering with a doctor's orders; and (3) excessive force, inadequate medical care, and equal protection.

The instant Motion, however, has nothing directly to do with Plaintiff's claims as set forth in his Complaint. The instant Motion seeks injunctive relief "to stop prison officials from interfering, hindering, and preventing plaintiff's access to the courts by refusing to make legal copies without the institutional Warden first reading the legal documents, and by certain prison mail room personnel refusing to mail out Court ordered legal documents." Docket No. 44. In his supporting Memorandum, Plaintiff states that he "seeks a temporary restraining order and a preliminary injunction ensure that he has meaningful and adequate access to the court system." Docket No. 45, p. 1.

It should be noted that, shortly after he filed this action, Plaintiff paid the full civil filing fee. Docket No. 3. Thus, 28 U.S.C. § 1915(d), which requires officers of the Court to issue and serve all process, was inapplicable. Plaintiff subsequently filed a "Motion to Have Defendants Served With a Complaint and Summons by the U.S. Marshal's Service Pursuant to F.R. Civ. P.

2

4(c)(3)." Docket No. 12. Before the Court ruled upon that Motion, Plaintiff filed two separate Motions pursuant to Fed. R. Civ. P. 4(m) seeking to extend the 120 day service period for Defendants. Docket Nos. 21, 26. He also filed a second Motion to have the Marshal service serve process upon Defendants. Docket No. 33. The Court subsequently entered a single Order regarding those four Motions. Docket No. 35. In that Order, the Court noted that Plaintiff had previously filed approximately nineteen lawsuits in the three United States District Courts in the State of Tennessee since 1996. *Id*., p. 5. The Court stated in part:

> In many of these lawsuits, Plaintiff sued at least 10 Defendants. Many of the referenced lawsuits were dismissed because Plaintiff's claims were frivolous or failed to state a claim upon which relief could be granted. In fact, several cases have held that Plaintiff cannot file lawsuits against prison officials in forma pauperis because of the "three strikes" rule of 28 U.S.C. § 1915(g).
>
> . . .
>
> Initially, since 1997 Plaintiff has been a party to approximately 17 appeals in the United States Court of Appeals for the Sixth Circuit. In many of these cases, the Sixth Circuit affirmed a dismissal by the district court. In a number of the cases, Plaintiff filed his appeal and then failed to prosecute it.

*Id*., p. 5-6.

The Court subsequently denied Plaintiff's Motions to the extent that it declined to order the U.S. Marshal's Service to serve the summonses and complaints in this action. It granted Motions, however, to the extent that the Court gave Plaintiff additional time in which to serve Defendants.

In the instant Motion, Plaintiff seeks a temporary restraining order and a preliminary injunction, as discussed above. The requirements for such injunctive relief have been set forth by the Sixth Circuit as follows: (1) whether the movant has shown a strong or substantial

3

likelihood or probability of success on the merits; (2) whether the movant has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction." *Mason County Med. Ass'n v. Knebel*. 563 F.2d 256, 261 (6th Cir. 1997).

First, Plaintiff has not shown a strong or substantial likelihood or probability of success on the merits. The merits of this case have to do with the claims set forth in his Amended Complaint, particularly the allegation that Defendants have intentionally interfered with prescribed medical treatment. The merits of the instant Motion, however, relate to his alleged denial of access to the courts. He has not addressed his likelihood of success on the merits concerning the access to the courts claim. Therefore, he has not shown a strong or substantial likelihood or probability of success on the merits.

With regard to the second element, the only irreparable injury Plaintiff claims is that "he is being prevented, hindered, or interfered with, by prison officials in accessing the courts." Docket No. 45, p. 2. He fears that "should the prison officials actions actually impede Plaintiff's ability to move this case forward, this case will ultimately be dismissed . . . ." *Id*., p. 3.

The record in this case contains 202 docket entries, the vast majority of which were filed by Plaintiff. It is clear that Plaintiff is not being denied access to the courts. Furthermore, none of the Defendants who may not have been served have been dismissed from this action. Plaintiff's fear of injury, much less irreparable injury, therefore, is entirely speculative at this point.

As discussed above, Plaintiff's claims in this lawsuit relate to alleged denial of medical

4

care and excessive force. It is not clear that any of the persons who are currently Defendants in this action have had anything to do with Plaintiff's complaint about his mail.

For the foregoing reasons, the instant Motion (Docket No. 44) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge