# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:13-00091 |
| | ) | JUDGE SHARP/KNOWLES |
| | ) | |
| | ) | JURY DEMAND |
| | ) | |
| DERRICK SCHOFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss for Insufficient Service of Process," filed by Defendants David Sexton, Todd Wiggins, Dan Walker, Jerry Lester, and Wanda Chaffin. Docket No. 178. Defendants have filed a supporting Memorandum of Law. Docket No. 179. Plaintiff has filed a Response to the Motion.[1] Docket No. 198.

After the filing of the instant Motion, the Court entered an Order requiring that service be made by the United States Marshal or Deputy Marshal upon seventeen Defendants, including David Sexton, Todd Wiggins, Dan Walker, and Jerry Lester. Docket No. 207. The Court noted that these four Defendants had appeared for the sole purpose of contesting service. The Court also noted, however, that Defendants David Sexton, Todd Wiggins, Dan Walker, Jerry Lester and Wanda Chaffin apparently had been successfully served. *Id.*

---

[1] As the Court has observed elsewhere, Plaintiff filed a single Response to the instant Motion and to Defendants' Motion to Set Aside Entry of Default.

In that Order, the Court directed the Clerk to send Plaintiff a service packet for the unserved Defendants, as well as four of the persons who were contesting service (Sexton, Wiggins, Walker, and Lester), and ordered the marshal to serve those Summonses upon them. Docket No. 207, p. 2. The other movant in the instant Motion, Ms. Chaffin, was listed by the Court as a person who had already been served.[2] *Id.*

Thus, the instant Motion was filed prior to the Court's ordering the U.S. Marshal to serve process. The instant Motion, therefore, does not address whether these movants have been properly served by the U. S. Marshal.

For the foregoing reasons, the instant Motion to Dismiss for Insufficient Service of Process (Docket No. 178) should be DENIED AS MOOT, without prejudice to being refiled to reflect current service by the U.S. Marshal.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[2] The Court notes that the Clerk apparently also believed Ms. Chaffin had been served, as he entered a default against her. Docket No. 142.

_____
E. Clifton Knowles
United States Magistrate Judge