# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | ) CASE NO. 3:13-0091<br>) JUDGE SHARP/KNOWLES<br>)<br>) JURY DEMAND |
| DERRICK SCHOFIELD, et al., | )<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The Court held a Case Management Conference in this action on October 8, 2014. Counsel for the State Defendants who have been served, counsel for Corizon, Inc., and Mr. Shabazz were present. Plaintiff, a pro se prisoner, filed his original Complaint against 36 Defendants. Docket No. 1. The Court undertook a frivolity review pursuant to 28 U.S.C. § 1915A and determined that Plaintiff had failed to state a claim upon which relief could be granted as to 7 Defendants, and they were dismissed. Docket No. 7.

Plaintiff was permitted to amend his Complaint on two occasions. Docket Nos. 15, 323. His latest Complaint, filed with leave of Court, is headed "Amended and Supplemental Verified Complaint." Docket No. 323. In that 218 page Complaint, Plaintiff has sued 39 Defendants in three different prisons, as well as administrators of the Tennessee Department of Correction and two corporate contract healthcare providers.

As of the date of the submission of this Report and Recommendation, there are 378 docket entries in this action. In the opinion of the undersigned, the case as it exists at the present

time is essentially unmanageable.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party*.

(Emphasis added.)

As one noted authority has stated,

> The courts have properly concluded that they may issue orders under Rule 21 . . . to structure a case for the efficient administration of justice. . . . .
>
> . . .
>
> In appropriate instances, the court may sever a claim to facilitate its transfer to another venue . . . .

**Moore's Federal Practice 3d** § 21.02[1], p. 21-3 to 21-4 (footnote and citations omitted).

**Moore's** further states, "The Rule vests great discretion in the court in determining whether to . . . order severance." *Id*., § 21.02[4], p. 21-11 (footnote omitted). **Moore's** also states that courts "should not hesitate to severe claims based on different factual situations from that of the main action." *Id*., § 21.02[4], p. 21-15. Finally, "Rule 21 gives the court tools to jettison both parties and claims that are . . . not conveniently prosecuted together . . . ." *Id*., § 21.05, p. 21-24.

The Court has reviewed the operative Complaint in this action (Docket No. 323), as well as the prior Complaints. It seems clear that Plaintiff's claims are brought against essentially five groups of Defendants. The first group of Defendants is administrative employees of the Tennessee Department of Correction ("TDOC"). Those Defendants are: Derrick Schofield, Catherine Posey, Jim Thrasher, Reuben Hodge, Donna Kay White, and Lester Lewis.

The second group of Defendants is employed at or related to Morgan County Correctional Complex ("MCCX"), where Plaintiff was previously housed, and where some of his claims arise. Those Defendants are: David R. Osborne, Ronald Higgs, Dale Hadden, Tony Howerton, and Dan Walker.

A third group of Defendants is employed at or related to Turney Center Correctional Complex ("TCIX"), where Plaintiff was previously housed, and where some of his claims arise. Those Defendants are: Jerry Lester, Ricky Mathis, David Jenkins, Laura N. Pierceal, and Rita Edwards.

The fourth group of Defendants is employed at or related to North East Correctional Complex ("NECX"), where Plaintiff was previously housed, and where some of his claims arise. Those Defendants are: David Sexton, Todd Wiggins, Sherry Freeman, Harold Angel, Clifford Tressler, Chris A. Davis, James Lundy, Misty Gregg, Charles Short, Wanda Chaffin, Angela Combs, Sue Clark, Georgia Crowle, Julie Holtkamp, Sharon Taylor, Jerry Gentry, Dr. Clement Bernard, Connie Church, Ruby Anderson, Paige Reburn, Rebecca Gouge, and Correctional Medical Services.

The fifth group of Defendants, Corizon, Inc., and Correctional Medical Services, are sued as healthcare providers under contract with TDOC to provide services at MCCX, as well as at other TDOC facilities (¶ 17, 18). Plaintiff's claims against these two Defendants *may* relate to his care at all three facilities involved in this action.

For the reasons discussed above, the undersigned recommends that this action be severed into four separate actions as described above, with Defendants Corizon, Inc. and Correctional Medical Services being placed in the action with the administrative employees of TDOC.

3

Furthermore, Plaintiff's claims against the MCCX Defendants, the TCIX Defendants, and the NECX Defendants generally arise out of incidents that took place at those institutions.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district:

> (1) Where any defendant resides, if all defendants reside in the same State,
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or
>
> (3) A judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff's claims against the NECX and MCCX Defendants have little or no connection with the Middle District of Tennessee. Those respective Defendants are employed by or related to these two institutions, both of which are located in the Eastern District of Tennessee.[1]

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or subdivision in which it could have been brought.

Additionally, 28 U.S.C. § 1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

It is readily apparent that Plaintiff's claims against the NECX and MCCX Defendants could have been brought in the Eastern District of Tennessee, as both facilities are in that

---

[1] TCIX is located in the Middle District of Tennessee, as are the TDOC Administrative Offices.

District.  28 U.S.C. § 123(a)(1).  NECX is in Carter County, which is in the Northeastern Division of the Eastern District of Tennessee.  MCCX is located in Morgan County, which is in the Northern Division of the Eastern Division of Tennessee.

For the foregoing reasons, the undersigned recommends that the claims against the NECX Defendants should be transferred to the Northeastern Division of the Eastern District of Tennessee, and the claims against the MCCX Defendants should be transferred to the Northern Division of the Eastern District of Tennessee.

Nothing herein shall be construed as stating any opinion as to whether any particular Defendant has been properly served.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge