IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| OMOWALE ASHANTI SHABAZZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-00091 |
| | ) | |
| DERRICK SCHOFIELD, et al., | ) | Judge Sharp |
| | ) | Magistrate Judge Knowles |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Omowale Ashanti Shabazz, also known as Fred Dean, is a state prisoner presently incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. He pursues this *pro se* action under 42 U.S.C. § 1983 against numerous state and prison officials for alleged violations of his constitutional rights. After this Court's initial review, the matter was referred to Magistrate Judge Cliff Knowles for management of the case, decisions on all pretrial, non-dispositive motions, and entry of recommendations as to the disposition of any dispositive motions, pursuant to 28 U.S.C. § 626(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure.

Now before the Court are the plaintiff's objections to a number of dispositive and non-dispositive rulings by Magistrate Judge Knowles, including the plaintiff's "Motion to Alter or Amend Judgment Citing Objections to the Magistrate's Order" (ECF No. 38) (objecting to the order at ECF No. 35); "Motion for Review of Objections to the Magistrate's Order (D.E. 332)" (ECF No. 346); "Motion for Review of Objections to the Magistrate's Order (D.E. 327)" (ECF No. 347); "Motion for Review of Objections to the Magistrate's Order (D.E. 337)" (ECF No. 348); "Motion for Review of Objections to the Magistrate's Order (D.E. 338)" (ECF No. 350); "Motion for Review of Objections to the Magistrate's Order (D.E. 336)" (ECF No. 351); "Objections and Motion for Review of the Magistrate's Report and Recommendation D.E. 379" (ECF No. 389); and "Objections and Motion for Review of the Magistrate's Order at D.E. 380" (ECF No. 390).[1] The Court's ruling on each of these objections is set forth below.

---

[1] A number of other motions remain referred to Judge Knowles, including motions at ECF Nos. 245, 257, 267, 269, 281, 296, 309, 315, 344, 349, and 374.

**I.      STANDARD OF REVIEW**

The standard of review applicable to a party's objections to a magistrate judge's ruling depends upon whether the objections pertain to a dispositive or non-dispositive matter. If the issue is dispositive, any party may, within fourteen days after being served with a magistrate judge's recommended disposition, "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

A party may also file objections to a magistrate judge's non-dispositive order within fourteen days of being served with such order, but this Court's review of a magistrate judge's resolution of a non-dispositive pretrial matter is limited to determining whether the order is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) ("When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review."). Under this standard, the Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently. Findings of fact are reviewed under the "clearly erroneous" standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). Legal conclusions are reviewed under the "contrary to law" standard. *Id.* "'A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). *See also Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (interpreting the "clearly erroneous" standard in Rule 52(a)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Lafountain v. Martin*, No. 1:07-

cv-76, 2010 WL 748215, at *1 (W.D. Mich. March 1, 2010) (citing *Gandee*, 785 F. Supp. at 686). The standard of review of legal conclusions is *de novo*. *United States v. Curtis*, 237 F.3d 598, 607 (6th Cir. 2001).

## II. BACKGROUND

The plaintiff filed suit in February 2013. Because the plaintiff is a prisoner who challenges the conditions of his confinement and seeks relief from government officials and employees, the Court conducted an initial review of the complaint shortly after it was filed and concluded that it stated colorable claims for relief against 29 of the 36 originally named defendants. Other defendants have been named or identified by their full names in subsequent amendments to the complaint. The plaintiff's claims primarily concern allegations that prison and state authorities have failed to treat the plaintiff's hepatitis C and have been deliberately indifferent to his serious medical needs.

Because the plaintiff paid the filing fee rather than proceeding *in forma pauperis*, however, he was largely left to his own devices to effect service of process on the numerous defendants. Although this matter has been pending for almost two years, a substantial portion of that time and many of the Court filings in this matter concern the plaintiff's attempts to effect service of process.

The magistrate judge initially denied the plaintiff's motions (ECF Nos. 12, 33, 59) to have the United States Marshals Service effect service of process on the defendants whom the plaintiff was having difficulty serving. (*See* ECF Nos. 35, 63.) Eventually, however, largely in recognition of the plaintiff's diligent and persistent efforts to serve all the defendants, the magistrate judge granted the plaintiff's renewed motion (ECF No. 74), and ordered the United States Marshal or Deputy Marshal to effect service on the remaining 12 defendants who had not yet been served at that time and 5 defendants who were contesting service. (ECF No. 207.) It is unclear at this point which defendants, if any, remain unserved.[2]

---

[2] Answers have been filed on behalf of 29 defendants, including: Corizon Health, Ruby Anderson, Harold Angel, Wanda Chafin, Connie Church, Sue Clark, Angela Combs, Georgia Crowell, Chris Davis, Rita Edwards, Sherry Freeman, Jerry Gentry, Rebecca Gouge, Misty Gregg, Julie Holtkamp, Ronald Higgs, Tony Howerton, David Jenkins, Jerry Lester, James Lundy, Laura A. Pierceal, Paige Reburn, Derrick Schofield, David Sexton, Charles Short, Jim Thrasher, Clifford Tressler, Dan Walker, and Todd Wiggins. An additional ten defendants have not answered or entered an appearance, including: Clement Bernard, Dale Hadden, Reuben Hodge, Lester Lewis, Ricky Mathis, David Osborne, Catherine Posey, Sharon Taylor, Donna White, and Correctional Medical Services (CMS). The Court notes that it does not appear that CMS is currently qualified to do business in the state of Tennessee.

The plaintiff, over the course of the time span during which his claims arose, was housed at three different facilities—Morgan County Correctional Complex (MCCX), Turney Center Industrial Complex (TCIX), and Northeast Correctional Complex (NECX)—all operated by the Tennessee Department of Corrections (TDOC). Consequently, the defendants include individuals who are or were employed at the three different facilities as well as TDOC officials. In July 2014, the plaintiff was transferred to NWCX.

## III. DISCUSSION

### A. ECF No. 38

This filing is titled "Motion to Alter or Amend Judgment Citing Objections to Magistrate's Order." (ECF No. 38.) The Court construes it as a motion for review and an objection under Rule 72(a) of the Federal Rules of Civil Procedure to a non-dispositive order entered by the magistrate judge. In this objection, filed in May 2013, the plaintiff seeks review of Judge Knowles' order (ECF No. 35) denying the plaintiff's motion to have service made by the U.S. Marshals Service. Because Judge Knowles subsequently granted the plaintiff's renewed motion to have the U.S. Marshals effect service, the motion to alter or amend and the objection have been rendered moot and will therefore be denied and overruled, respectively, without further discussion.

### B. ECF Nos. 346 and 347

In two separate "motions for review of objections" (ECF Nos. 346 and 347) (filed August 29, 2014), the plaintiff objects to two separate orders (ECF Nos. 332 and 327 (entered Aug. 21, 2014)) denying the plaintiff's motion to compel answers to the plaintiff's interrogatories and to produce requested documents (ECF No. 128 (filed Oct. 7, 2013)) and granting defendant Corizon's motion for a protective order (ECF No. 102). Judge Knowles denied the plaintiff's motion to compel on the basis that a case management conference would be scheduled (and was later scheduled, *see* ECF No. 352) and that he had previously granted Corizon's motion for a protective order barring discovery prior to the case management conference. The Court construes the related filings both as motions for review of two non-dispositive orders entered by the magistrate judge and as objections under Rule 72(a) of the Federal Rules of Civil Procedure. The motions for review will be granted, but the objections will be overruled, as discussed below.

The plaintiff objects that the orders denying his motion to compel and granting defendant

Corizon's motion for a protective order were contrary to law and clearly erroneous. The plaintiff also argues that he sought discovery in order to obtain up-to-date information about the defendants he had, as yet, been unable to serve and that denial of his motion to compel and entry of the protective order would only serve to further delay effecting service on those defendants.

A case management conference was actually conducted on October 8, 2014, which effectively terminated the protective order. On October 10, Judge Knowles entered an order directing all parties to respond to all outstanding discovery requests on or before November 21, 2014. (ECF No. 380.) In light of the expiration of the protective order and entry of the order effectively compelling responses to the plaintiff's discovery by November 21, the Court finds that the plaintiff's objections have been rendered moot and must be overruled on that basis.

### C. ECF No. 348

On February 24, 2014, the plaintiff filed a Supplemental Motion to Recover Costs and Expenses of Making Formal Service (ECF No. 212). In this motion, the plaintiff argued that defendants Chafin,[3] Davis, Edwards, Howerton, Jenkins, Lester, Pierceal, Schofield, Sexton, Walker, and Wiggins were mailed a copy of the original complaint, affidavit in support of the complaint, and two waiver of service forms that "conformed to the federal 'Notice of Lawsuit and Request for Waiver' form, and a prepaid means of returning the waiver form to the plaintiff." (ECF No. 212, at 1.) The plaintiff asserts that the mailing to each of these defendants was in compliance with Rule 4(d)(1) of the Federal Rules of Civil Procedure, but that these defendants nonetheless "chose not to return the waiver form or take any other action allowed by law or rule." (ECF No. 212, at 1.) As a result, according to the plaintiff, he was required to make "formal service," thereby incurring "additional costs of approximately one thousand dollars, which included postage and copying fees." (*Id.*) The motion was filed with a memorandum of law and the plaintiff's declaration. (ECF Nos. 213, 214.)

The defendants responded to the motion (ECF No. 221), and the magistrate judge denied it (ECF No. 337) on the basis of Rule 4(d)(2), which provides in pertinent part that the Court must impose costs upon a defendant who "fails, without good cause, to sign and return a waiver requested by a plaintiff." In

---

[3] It appears from the defendants' filings that this defendant may spell her name "Chaffin," but she is named in the plaintiff's filings as "Chafin." For consistency, the Court uses the plaintiff's spelling throughout this opinion.

denying the motion, Judge Knowles relied upon the following language in the defendants' response:

> The undersigned has made every effort to accept service for the defendants in this case where it was properly made, and to decline service in those instances where it was not made according to the applicable rules. As the undersigned has repeatedly asserted, this case has been complicated by the fact that the defendants are located throughout the state of Tennessee; some are retired, on extended sick leave, or were on vacation at the time service was attempted. In all cases, those individuals at the various institutions did their best to comply with TDOC policy 105.04 governing service on Department employees. Many of those agents had never been presented with a waiver of service of summons and believed they had taken the necessary steps to accept service by that method. In no case was service declined in a bad faith effort to disadvantage the plaintiff or delay the timely adjudication of this case.

(ECF No. 337, at 2 (quoting ECF No. 221, at 2 (citing J. Brenner Aff., ECF No. 145-1)).)

Now before the Court is the plaintiff's a "Motion for Review of Objections to the Magistrate's Order (D.E. 337)" (ECF No. 348), which the Court construes as both a motion for review and separate objections pursuant to Rule 72(a). In his objection (ECF No. 348), the plaintiff argues, among other things, that the magistrate judge erred in refusing to award costs as a matter of law, because the affidavit of Jennifer Brenner, counsel for the defendants, was ineffective to establish the *defendants'* reason for failing to return the waivers. He insists that, because Brenner had no "first hand knowledge of what the plaintiff mailed to the defendants," her affidavit was "self-serving and ha[d] no evidentiary value whatsoever." (ECF No. 348, at 2.) The plaintiff also refutes the magistrate judge's finding that his estimates as to the costs incurred in effecting formal service were inconsistent, pointing to evidence in the record that it took multiple attempts in some cases to effect service. As discussed below, the Court agrees that the magistrate judge's finding, and in particular his reliance on Brenner's affidavit in support of his ruling, was clearly erroneous

In his motion, the plaintiff invokes Rule 4(d) of the Federal Rules of Civil Procedure, which states in pertinent part:

> **(1)** ***Requesting a Waiver.*** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . .
>
> **(2)** ***Failure to Waive.*** If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
>> (A) the expenses later incurred in making service; and
>>
>> (B) the reasonable expenses, including attorney's fees, of any motion required to

    collect those service expenses.

Fed. R. Civ. P. 4(d)(1) & (2).

  In neither their response in opposition to the plaintiff's motion nor in the affidavits submitted in support thereof do the defendants challenge the plaintiff's assertion that they were subject to service under Rule 4. Nor do they dispute his allegation that they were properly notified of the plaintiff's request for waiver of service in compliance with Rule 4(d). They attempt to contest the imposition of costs only on the basis that, as asserted in their response in opposition to the plaintiff's motion, "[i]n no case was service declined in a bad faith effort to disadvantage the plaintiff or delay the timely adjudication of this case." (ECF No. 221, at 2.)

  The magistrate judge's determination that the defendants established that they "attempted to act in good faith with regard to the issues involving service of process" (ECF No. 337, at 4) is premised entirely upon the affidavit of Jennifer Brenner, but that affidavit does not support either the assertions in the defendants' response or the magistrate judge's conclusion. Brenner's affidavit, which was actually submitted months previously, in response to a different motion, states in pertinent part as follows:

> 2. In late May, 2013, Mr. Jerry Gentry, the Correctional Compliance Manager for the Northeast Correctional Complex informed me that he had accepted service for defendants Clifford Tressler, James Lundy, Misty Gregg, Charles Short and Harold Angel.
>
> 3. While I had previously been monitoring this case on PACER, I continued to monitor the docket to determine when, or if, the plaintiff would return the waivers to this Court and in turn, when the docket would indicate that service had, in fact, been completed.
>
> 4. I believed, perhaps in error, that the plaintiff would return the waivers to this Court and the Court would then indicate on the docket that service had been accomplished. However, the court docket for this case did not indicate that the defendants' respective waivers had been returned to this Court, or that the plaintiff had completed the service process as required by the Federal Rules of Civil Procedure.
>
> 5. The failure to respond was not done in an attempt to purposely delay the adjudication of this matter, or impede the plaintiff's right to pursue this case.

(ECF No. 145-1, at 1–2.) Notably, Brenner's affidavit addresses only the waiver of service forms for defendants Tressler, Lundy, Gregg, Short, and Angel. The plaintiff's motion does not seek to recover the cost of serving those defendants. Instead, he seeks to recover the costs of serving defendants Chafin, Davis, Edwards, Howerton, Jenkins, Lester, Pierceal, Schofield, Sexton, Walker, and Wiggins. Brenner's affidavit is wholly insufficient to address those defendants' cause for failing to return the waiver forms.

Although not relied upon by the magistrate judge, the defendants also submitted the affidavit of Jerry Gentry, in which Gentry attests that he accepted service of process for Tressler, Lundy, Gregg, Short and Angel on May 28, 2013, but that he did not accept service on behalf of defendants Sexton, Wiggins, Freeman, or Chafin. Gentry explained that he did not accept service on behalf of these particular individuals because Sexton and Freeman[4] were no longer employed at NECX at that time, Wiggins was on vacation, and Chafin was on extended sick leave. (ECF No. 145-2, at ¶¶ 8–10.)

In other words, Gentry's affidavit clearly provides good cause for his refusal to accept service or to waive service on behalf of the defendants who were no longer employed at NECX, Sexton and Freeman, or on behalf of Chafin, who was on extended and indeterminate sick leave. Gentry's affidavit, however, does not reference defendant Davis, who the plaintiff asserts is employed at NECX, nor does Gentry explain how long Wiggins was expected to be on vacation or why he could not have held onto the request for waiver of service addressed to Wiggins until Wiggins returned from vacation. The plaintiff stated in his declaration that "[a]ll defendants were given thirty days to return the waiver of service form to [him]." (ECF No. 214, at ¶ 7.) The fact that Wiggins was on vacation does not constitute adequate cause for refusal to waive service. Moreover, neither Gentry's nor Brenner's affidavit addressed the plaintiff's waiver requests addressed to defendants who are not employed at NECX, including Edwards, Howerton, Jenkins, Lester, Pierceal, Schofield, and Walker. The defendants have not established good cause, or any cause, for these defendants' failure or refusal to waive service of process.

Rule 4 mandates that the Court tax the cost of formal service against any defendant who fails to waive formal service without "good cause." Fed. R. Civ. P. 4(d)(2). The defendants do not dispute that the plaintiff incurred the costs associated with effecting formal service of process. Because the plaintiff's evidence regarding his attempts to serve the defendants is undisputed, the plaintiff is entitled to recover the costs of effecting formal service of process on those defendants who failed to accept service of process without good cause, including Davis, Wiggins, Edwards, Howerton, Jenkins, Lester, Pierceal, Schofield, and Walker. The only question remaining for the Court is whether the plaintiff's filings adequately establish the cost of serving these particular defendants.

In that regard, the plaintiff states in his declaration that the cost of copying at the prison is fifteen

---

[4] The plaintiff's motion does not seek to recover the costs of serving defendant Freeman.

cents per page. He estimates that he incurred copying costs in the amount of approximately $65.00 per defendant and that the cost of mailing is approximately $12.00 per defendant. Based on these figures, which, again, the defendants do not contest, the Court finds that the plaintiff is entitled to recover costs in the sum of $77 for each of the nine defendants for whom no good cause is shown (Davis, Edwards, Howerton, Jenkins, Lester, Pierceal, Schofield, Walker, and Wiggins), or a total of $693.00.

Gentry's affidavit states that, according to prison records for NECX, the plaintiff owes TDOC $4765.39 for copies, $51.00 for notary fees, and $812.53 for postage. Nearly half of these charges were incurred this calendar year, primarily in connection with this case. (ECF No. 145-2, at ¶¶ 12.) In light of this debt, the Court finds that the sum to which the plaintiff is entitled, rather than being paid directly to the plaintiff, should be credited to his prison trust account and applied toward the costs incurred in the course of this litigation.

In sum, the Court will accept the magistrate judge's order (ECF No. 337) only insofar as it pertains to the cost of serving defendants Chafin and Sexton, and the Court will grant in part the plaintiff's motion to recover the costs of service on the other nine defendants, in the sum of $693.00.

### D. ECF No. 350

The Court grants the plaintiff's "Motion for Review of Objections to the Magistrate's Order (D.E. 338)," and rules on the objections in accordance with Rule 72(a). In these objections, the plaintiff protests the magistrate judge's denial (ECF No. 338) of the plaintiff's motion and supplemental motion for sanctions (ECF Nos. 159, 215). The plaintiff seeks sanctions based upon allegedly false statements made by Brenner and Gentry in their affidavits submitted in support of the defendants' response in opposition to the plaintiff's motion to recover the costs associated with effecting formal service of process, discussed above. Upon review of the record and the controlling law, the Court concludes Judge Knowles' denial of the motions for sanctions was not clearly erroneous or contrary to law. The plaintiff's objections will be overruled.

### E. ECF No. 351

The Court grants the plaintiff's "Motion for Review of Objections to the Magistrate's Order (D.E. 336)" (ECF No. 351). In this filing, the plaintiff objects to the magistrate judge's order (ECF No. 336) granting the motion to set aside entry of default filed on behalf of defendants Derrick Schofield, Wanda

Chafin, Charles Short, Misty Gregg, James Lundy, Clifford Tressler, Harold Angel, and Sherry Freeman (ECF No. 181). The Court construes the order setting aside the entry of default as a recommendation that defaults be set aside under Rule 72(b). Based on the plaintiff's objections, the Court reviews *de novo* the setting aside of the defaults.

The Court may set aside default for "good cause." Fed. R. Civ. P. 55(c); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011). This standard is much less stringent than the Rule 60(b) standard for setting aside a default *judgment*. *Dassault Systemes*, 663 F.3d at 839. Moreover, the Sixth Circuit has clearly expressed a "preference for judgments on the merits" and has repeatedly held that the district court "enjoys considerable latitude under the 'good cause shown' standard for Rule 55(c)." *O.J. Distrib., Inc. v. Hornwell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)).

The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Id.* (citations omitted). Clearly, if service of process was not properly achieved at the time default was entered, the default must be set aside. *O.J. Distrib.*, 340 F.3d at 353 (citation omitted).

Defendants Chafin and Freeman argue that default entered as to them should be set aside because they had not actually been served with process at the time default was entered. The plaintiff does not contest that conclusion.

Regarding default as to Commissioner Schofield, this defendant argues that counsel for defendants was not aware that defendant Schofield had been properly served until December 15, 2014, due to a series of irregularities. A belated answer was filed on behalf of Schofield on January 16, 2014. Counsel for defendant Schofield attests by affidavit that failure to acknowledge service of the summons and complaint was not done in an attempt to purposely delay the adjudication of this matter or impede the plaintiff's right to pursue the case. Similarly, counsel for defendants Short, Gregg, Lundy, Tressler, and Angel erroneously believed a notation on the docket would be made when these defendants had been effectively served and therefore did not believe that process had been served. Counsel filed an answer on behalf of these defendants on December 11, 2013.

In his response to the defendants' motion to set aside the default, the plaintiff attempts to refute counsel's assertions of good faith confusion, but the plaintiff's assertions are conclusory and apparently unsupported by personal knowledge. Based on the record as a whole, the Court finds that the defendants' failure to plead or otherwise defend in a timely fashion was not willful and that the plaintiff has not been prejudiced by the delay.

Accordingly, the Court will overrule the plaintiff's objections and adopt in its entirety the magistrate judge's order setting aside the default as to defendants Schofield, Chafin, Short, Gregg, Lundy, Tressler, Angel, and Freeman.

### F.    ECF No. 389

Following a case management conference attended by the plaintiff, the attorney for the State Defendants who have been served, and counsel for Corizon, Inc., Magistrate Judge Knowles filed a Report and Recommendation in which he finds, in short, that the case as it exists is "essentially unmanageable." (ECF No. 379, at 2.) He therefore recommends under Rule 21 of the Federal Rules of Civil Procedure that the case be severed into four different actions, and that two of the actions, which would be asserted only against defendants located within the Eastern District of Tennessee, be transferred to that district as the appropriate venue. In support of this recommendation, Judge Knowles observes that the plaintiff has "sued 39 Defendants in three different prisons, as well as administrators of the Tennessee Department of Correction and two corporate contract healthcare providers," and that, as of the date of submission of the R&R, there were already 378 docket entries in this action. (*Id.* at 1–2.)

The plaintiff has filed objections to the R&R, specifically objecting to the proposal to sever this action into four separate cases. The plaintiff argues that (1) none of the parties in this action requested by motion or otherwise to sever any claims or to transfer any portion of the action to a different district; (2) venue and jurisdiction in this district are clearly proper under federal law, 28 U.S.C. §§ 1391, 1331 and 1343; (3) he will suffer extreme prejudice if the action is "broken up into pieces," because he will be burdened with additional costs, undue delay, and the inconvenience of prosecuting four separate cases rather than one; and (4) the law does not support severance under Rules 20 and 21, because none of the parties are technically misjoined. The plaintiff also argues that the "common thread" that binds the claims against the disparately located defendants is "the denial of medical care that was prescribed by a

physician at Turney Center Industrial Complex." (*Id.* at 5.) The plaintiff suggests that, if indeed the case is truly unmanageable, a "better alternative would be to combine the excessive force claim, equal protection claim, and retaliation claim that all occurred at Northeast Correctional Complex, and separate them from the medical claim and then forward those three claims to the Eastern District of Tennessee as a separate action." (*Id.*) The plaintiff goes so far as to say that he would be "in total agreement" with severing those particular claims. (*Id.* at 7.)

The Court agrees with the plaintiff that venue in this action as filed is clearly proper under 28 U.S.C. § 1391(b)(1).[5] The Court further agrees that none of the claims or parties in this case are misjoined under Rule 20, which permits the plaintiff to join defendants in one action if he asserts a right to relief arising out of the same transaction or occurrence and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1).

Nonetheless, the courts construe Rule 21 to permit the courts, *sua sponte*, to sever claims or parties not only where they have been misjoined, but also where "fairness or convenience justifies separate treatment." Advisory Committee's 1966 Amendment Notes. *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (noting that the joinder of claims, parties, and remedies must be "consistent with fairness to the parties"). Accordingly, when determining whether claims permissibly joined should be severed . . . , a court should consider whether it would be convenient or fair to keep the matters together." *In re Nintendo Co.*, 544 F. App'x 934, 938 (5th Cir. 2013).

In that regard, the Court is persuaded by the plaintiff's arguments that severance of this action into four separate matters would hinder the plaintiff's ability to prosecute this action, increase the financial costs to him, and further delay discovery. The Court also finds that severance would be likely to further inconvenience the parties—the defendants as well as the plaintiffs—particularly in light of the fact that all the state defendants and prison officials are, at present, represented by one attorney in the Office of the Attorney General & Reporter for the state of Tennessee. Judicial economy and overall efficiency weigh

---

[5] The plaintiff's argument that Judge Knowles erred as a matter of law in relying on improper venue to support severance is misplaced. Judge Knowles did not find that venue as a whole is improper. Rather, if the claims against the defendants located at prisons located within the Eastern District of Tennessee were severed into separate cases, venue would become improper as to those severed claims, and transfer would then be appropriate.

strongly in favor of not severing as the magistrate judge suggests. The Court also notes, with reference to the magistrate judge's observation that there are already almost 400 docket entries in this case, that a substantial portion of those entries reflect the plaintiff's difficulties in effecting service on the numerous defendants.

Severance, as the plaintiff suggests, of the equal-protection, excessive-force, and retaliation claims against the defendants at NECX makes logical sense, but also carries with it the possibility of increasing litigation costs for the defendants, who would still be required to defend against the medical claims that would remain pending in this action. The Court will therefore decline to take that step at this time, but leaves open the possibility that the NECX defendants themselves may file a motion to sever the claims against them that are unrelated to the claims based upon the alleged failure to treat the plaintiff's hepatitis C.

In short, the plaintiff's objections are well taken, and the Court will reject the magistrate judge's recommendation that this action be severed.

### G.   ECF No. 390

As previously indicated, a case management conference was held on October 8, after which the magistrate judge entered an order (ECF No. 380) directing the parties to respond to all outstanding discovery on or before November 21, 2014. In the same order, the magistrate judge denied as moot the plaintiffs then-pending Amended and Supplemental Motion to Compel (ECF No. 259), Motion to Compel (ECF No. 303), and Supplemental Motion to Compel (ECF No. 306).

The plaintiff has filed "Objections and Motion for Review of the Magistrate's Order at D.E. 380" in which he objects specifically to the denial of ECF No. 303 as moot and insists that the denial of that motion was clearly erroneous and contrary to law. The Court grants the motion for review and rules on the objections as follows.

From the memorandum in support of the motion, it appears that this particular motion to compel was different from the others insofar as the plaintiff took issue, not with defendant Schofield's complete failure to respond at all to the discovery, as was the situation with respect to the plaintiff's other motions to compel, but with Schofield's response which, the plaintiff insists, was untimely and "did not answer any of the interrogatories, nor did it produce hardly any of the requested documents." (ECF No. 304, at 1.) The

plaintiff included with his memorandum in support of the motion handwritten copies of his verbatim requests for production of documents and the defendant's responses thereto, interspersed with the plaintiff's arguments as to why each response was deficient. (ECF No. 304, at 3–11.) The plaintiff did not include a copy of the interrogatories served on defendant Schofield. The plaintiff nonetheless insists that the discussion at the case management conference and the setting of a deadline for responding to outstanding discovery did not resolve the dispute at issue in this motion to compel.

It appears from the record that the entry of an order directing a response to all outstanding discovery did not necessarily render moot the plaintiff's motion at ECF No. 303. Moreover, the record does not reflect that defendant Schofield ever filed a response in opposition to the motion to compel. Notwithstanding, In light of the approaching deadline for discovery and the defendants' obligation to respond to all outstanding discovery, the Court will overrule the plaintiff's objections. After the plaintiff ascertains what information he receives from the discovery responses due November 21, the plaintiff will have the prerogative, after conferring with the defendants as required by the applicable rules, of filing further discovery motions if necessary.

**IV.     CONCLUSION**

As set forth above, the Court **GRANTS** the plaintiff's motions for review and rules on the specific objections as follows:

1. The plaintiff's objections (ECF No. 38) to the order at ECF No. 35 have been rendered moot by entry of a subsequent order granting a renewed motion to have process served by a United States marshal, and are therefore **OVERRULED**.

2. The plaintiff's objections (ECF No. 346) to the magistrate judge's order at ECF No. 332 have been rendered moot by subsequent proceedings and are therefore **OVERRULED**.

3. The plaintiff's objections (ECF No. 347) to the magistrate judge's order at ECF No. 327, have been rendered moot by subsequent proceedings and are therefore **OVERRULED**.

4. The plaintiff's objections (ECF No. 348) to the magistrate judge's order (ECF No. 337) denying the plaintiff's motion under Rule 4(d) to recover costs and expenses of making formal service on a number of the defendants are **OVERRULED IN PART** and **ACCEPTED IN PART**. Specifically, the Court **ACCEPTS** the magistrate judge's denial of the plaintiff's motion to recover the costs associated with

effecting formal service on defendants Chafin and Sexton, but **REJECTS** that portion of the order denying the costs associated with serving defendants Davis, Edwards, Howerton, Jenkins, Lester, Pierceal, Schofield, Walker, and Wiggins. The plaintiff's motion to recover costs in the amount of $693.00 incurred in serving those defendants is **GRANTED**. The defendants are **DIRECTED** to ensure that the plaintiff's trust account with the Tennessee Department of Correction is credited in that amount, and that the payment is applied to costs incurred in effecting service in this case.

5. The plaintiff's objections (ECF No. 350) to the magistrate judge's order at ECF No. 338 are **OVERRULED**.

6. The plaintiff's objections (ECF No. 351) to the magistrate judge's order at ECF No. 336 are **OVERRULED**.

7. The plaintiff's objections (ECF No. 389) to the magistrate judge's Report and Recommendation (ECF No. 379) are **ACCEPTED** and the Report and Recommendation, proposing the severance of this matter into four different actions, is **REJECTED**.

8. The plaintiff's objections (ECF No. 390) to the magistrate judge's order at ECF No. 390, denying as moot the plaintiff's motion to compel at ECF No. 303, are **DENIED** without prejudice to the plaintiff's ability to reassert related objections to the defendants' discovery responses after the plaintiff has reviewed and attempted to resolve directly with the defendants, in accordance with the applicable rules, any discovery disputes that remain outstanding after the defendants serve the discovery responses that are due November 21, 2014.

This matter remains referred to Magistrate Judge Knowles.

It is so **ORDERED**.

_____
KEVIN H. SHARP
Chief Judge
United States District Court