# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-00091 |
| ) | Judge Sharp |
| DERRICK SCHOFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are several Reports and Recommendations ("R & R's") and Orders, to which Plaintiff has filed either "Objections" or "Motions for Review." The Court considers the R & Rs and Orders, and Plaintiff's objections thereto, seriatim.

### A. Requests for Injunctive Relief

Plaintiff has filed a Motion for a Temporary Injunction (Docket No. 245) in which he requests that Defendants be ordered to provided him treatment for Hepatitis C. He subsequently amended this Motion (Docket No. 281) to include a request that Defendants be enjoined from denying or delaying treatment to other inmates who have Hepatitis C.

In an R & R (Docket No. 490), Magistrate Judge Knowles recommends that Plaintiff's requests for injunctive relief be denied. Even though this Court's review is limited because the recommended disposition is non-dispositive, thus the Court can only "modify or set aside any part of the order that is clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a), and even though the ultimate decision to grant or deny preliminary injunctive relief is generally a matter of discretion, Ohio State Conference of N.A.A.C.P. v. Husted, 768 F.3d 524, 533 (6th Cir. 2012), the Court concludes that this matter must be returned to the Magistrate Judge for further consideration.

1

In support of his Motion for a Temporary Restraining Order, Plaintiff relies on his "Amended and Supplemental and Verified Complaint," which, because it is verified, carries the same weight as an affidavit. See, El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008). In that Complaint, Plaintiff alleges that, sometime around 2006, he "was diagnosed with Hepatitis C." (Docket No. 323, Cmp. ¶ 45). He claims he has never "received any treatment for Hepatitis C, although he has received sporadic monitoring and blood work," (Id. ¶ 53), and this alleged failure in treatment violates the terms of the settlement of a grievance that he had filed against the Tennessee Department of Corrections. After the settlement, and before treatment began, Plaintiff was transferred to another institution.

In the R & R, Magistrate Judge Knowles points out that "there are significant differences between the relief Plaintiff has requested in his complaints versus the relief he has requested in the instant Motion and its Supplement," (Docket No. 490 at 5), and focusing solely on the latter, which controls, concludes that Plaintiff has not shown a substantial likelihood of success on the merits. Magistrate Judge Knowles also recommends that injunctive relief be denied because the acts sought to be enjoined cannot be described in reasonable detail, and Plaintiff is not entitled to some of the relief he seeks.

Insofar as Plaintiff requests an injunction in favor of other inmates, the Court agrees that Plaintiff is not entitled to that relief. Not only does he represent only himself in this litigation, the decision of whether a specific inmate should be provided with certain medical treatment is a highly individualized matter. There is absolutely no basis to issue a blanket injunction about medical treatment, even for those inmates who may have Hepatitis C, particularly since a deliberate indifference claim requires as showing that the "alleged mistreatment was objectively serious" and that prison officials "subjectively ignored the risk to the inmate's safety." Bishop v. Hackel, 636 F.3d

757, 766 (6th Cir. 2011).

Plaintiff's own request for treatment may be a different matter. In the R & R, after quoting the supervisor's response to Plaintiff's grievance, Magistrate Judge Knowles concluded that "[t]here was . . . no 'prescribed' Hepatitis C treatment that was actually ordered or directed by Dr. Campbell," and that "[d]espite Plaintiff's attempts to argue that somehow Dr. Campbell directed or ordered that Plaintiff receive certain treatment, the record simply does not support such an argument." (Docket No. 490 at 6).

Respectfully, that may be too narrow a reading of the record. The quoted response of the supervisor to the grievance was a follows:

> According to inmate Dean's medical record there was no indication that he had requested treatment for his illness. I met with him and Dr. Campbell today and they agreed to start inmate Dean on the process for receiving treatment for his illness in accordance with the CDC Centers for Disease Control and the NIH National Institute for Health. As a result of this meeting inmate Dean agreed to resolve this grievance.

(Docket No. 1, Complaint at 91). In the Court's opinion, this suggests that Dr. Campbell did, in fact, determine that Plaintiff needed treatment for his Heptatitis C in accordance with the protocols established by the CDC and NIH, unless one assumes (perhaps unwarrantedly) that Dr. Campbell just feigned agreement to resolve a grievance.

Admittedly, the record on this issue is not complete. So far as the Court can tell, Defendants have never responded to Plaintiff's Motion for a Temporary Injunction. They apparently have failed to do so, even though Plaintiff's Motion has been pending for a very long time, and even though this Court's Local Rules provide that a "[f]ailure to file a timely response shall indicate that there is no opposition to [a] motion" that has been filed. L.R. 7.01(b). The Court will leave it to Magistrate Judge Knowles to determine whether a response by Defendants should be allowed, and/or whether an evidentiary hearing is necessary.

3

As for the remedy requested for Plaintiff's own medical condition, it may not be too broad. Dr. Campbell, presumably for legitimate medical reasons, appears to have concluded that Plaintiff needs treatment in accordance with the NIH and/or CDC standards, yet Plaintiff claims to have received no treatment, even though he has elevated enzyme levels and is at serious risk of harm.

It may well be that Plaintiff will be unable to establish a substantial likelihood of success on the merits, or entitlement to treatment in accordance with specific protocols. After all, deliberate indifference to a serious medical need "is not mere negligence, but rather "requires that the defendants knew of and disregarded a substantial risk of serious harm to [a plaintiff's] health and safety." Phillips v. Roane Cnty., 534 F.3d 531, 539 (6th Cir.2008). Moreover, where "the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." Graham ex rel. Estate of Graham v. Cnty. of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004).

The record as it now stands is simply insufficient to make considered determination as to whether Plaintiff is entitled to injunctive relief because it does not answer many questions, including, most fundamentally, whether Plaintiff's health is at serious risk due to the lack of treatment which is medically necessary. Accordingly, the matter will be returned to Magistrate Judge Knowles for further consideration.

### B. Requests for Partial Summary Judgment

Magistrate Judge Knowles has entered a R & R (Docket No. 491) recommending that Plaintiff's Motion for Partial Summary Judgment as to Defendant Derrick Schofield (Docket No. 296) be denied as moot, and another R & R (Docket No. 492) recommending the same disposition of the Motion for Partial Summary Judgment as to Jerry Lester (Docket No. 315). The basis for both recommendations is that, after both Motions were filed, Plaintiff filed an Amended and Supplemental

4

Complaint, rendering his motions moot. This was a correct application of law. See, Drake v. City of Detroit, 266 F. App'x 444, 448 (6th Cir. 2008)) (stating that a prior "complaint is a nullity, because an amended complaint supercedes all prior complaints"); Tuttobene v. Assurance Group, Inc., 2012 WL 2871848, at *1 n.1 (M.D. Tenn. July 12, 2012) (motion to dismiss denied as moot where plaintiff filed an amended complaint). These two R & Rs will be accepted, and Plaintiff's objections (Docket Nos. 500 & 501) will be overruled.

### C. Motion for Sanctions

Plaintiff objects (Docket No. 517) to Magistrate Judge Knowles' Order (Docket No. 505) denying Plaintiff's request for sanctions against Defendant Corizon's attorneys (Docket No. 206). He argues that his claim that Corizon received his medical records is not based solely on hearsay, as Magistrate Judge Knowles stated, because there is evidence in the record that Corizon's attorneys actually subpoenaed his medical records.

Even if that is true, however, Magistrate Judge Knowles correctly observed that "a plaintiff who files suit claiming medical injuries or medical problems waives his right to confidentiality with regard to his medical records," and since Plaintiff has sued Corizon for providing him Constitutionally inadequate medical care . . . [s]urely, under those circumstances, Corizon is entitled to see Plaintiff's medical records." (Docket No. 505 at 3-4). Magistrate Judge Knowles did not err in denying Plaintiff's request for sanctions.

### D. Motions for Extensions of Time

Magistrate Judge Knowles' has entered an Order (Docket No. 506) which, among other things, extended the time for Defendants to file dispositive Motion. Notwithstanding Plaintiff's 10-page Objection (Docket No. 516), the decision to allow further time, if not the epitome of the exercise of discretion, was certainly not its abuse. See, Kimble v. Hoso, 439 F.3d 331, 336 (6th Cir. 2006)

(courts "enjoy broad discretion in matters of pretrial management, scheduling, and docket control").

### E. Conclusion

In accordance with the foregoing, the Court rules as follows:

(1) The R & R (Docket No. 490) recommending denial of Plaintiff's requests for injunctive relief is hereby ACCEPTED insofar is it makes that recommendation in relation to injunctive relief for other inmates, and Plaintiff's "Motion to Amend and Supplemental Motion for Injunctive Relief" (Docket No. 281) that purports to raise claims on behalf of others is DENIED. The R & R is VACATED insofar as it denies injunctive relief to Plaintiff and this matter is RETURNED to Magistrate Judge Knowles for further consideration of this issue. With this ruling, Plaintiff's Objections to the R & R (Docket Nos. 499 & 500) are hereby DENIED AS MOOT.

(2) The R & Rs recommending denial of Plaintiff's Motions for Partial Summary Judgment as to Defendants Schofield and Lester (Docket Nos. 491 & 492) are hereby ACCEPTED; Plaintiff's Objections (Docket Nos. 500 & 501) are OVERRULED; and his Motions for Partial Summary Judgment (Docket Nos. 216 & 395) are hereby DENIED AS MOOT.

(3) Plaintiff Objections (Docket No. 517) to the denial of his requests for sanctions, and his Objections (Docket No. 516) to the extension of time for filing dispositive Motions are OVERRULED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE