IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OMOWALE A. SHABAZZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00091 |
| ) | Judge Crenshaw/Knowles |
| DERRICK SCHOFIELD, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion for Summary Judgment filed by Defendants Dr. Ronald Higgs, Dr. Clement Bernard, and Defendant Corizon, Inc. Docket No. 629. Defendants have also submitted a supporting Memorandum of Law (Docket No. 630) and the Declarations of Dr. Higgs and Dr. Bernard. Docket Nos. 632, 633. Defendants also rely upon previously-filed Affidavits of Dr. Kenneth Williams (Docket Nos. 563, 593-1) and Dr. Kenneth Wiley (Docket No. 622).

Plaintiff has filed a Response to the Motion. Docket No. 648.

In their supporting Memorandum, these three Defendants raise the following arguments:

(1) Any claims alleged to have occurred prior to January 29, 2012 are barred by the one-year statute of limitations;

(2) Defendants did not render inadequate care or deny medical treatment with deliberate indifference. Plaintiff has received medical care and treatment;

(3) There is no evidence of any unconstitutional policy or custom executed by Defendants;

(4) There is no causal connection as a matter of law between a Corizon policy or custom and any

alleged constitutional violation; and

(5) Plaintiff has no facts, proof, or evidence to support his allegations.

The Court notes that Plaintiff concedes the Motion is proper with regard to Corizon, Inc. Docket No. 648, p. 2. Therefore, Plaintiff's claims against Corizon, Inc. should be dismissed.

Plaintiff's concession with regard to Defendant Corizon eliminates grounds (3) and (4). With regard to grounds (1) and (2), these same grounds were raised by a number of other Defendants in this action in a Motion for Summary Judgment. Docket Nos. 616, 617. The undersigned has recently submitted a Report and Recommendation recommending that the Motion of the other Defendants be denied. Docket No. 661, p. 6-8. The Court reaches the same conclusion with regard to the instant Motion of the Physician Defendants for the same reasons.

With regard to Defendants' last ground, the Court simply disagrees. Plaintiff has submitted facts, proof, and evidence to support his allegations.

For the reasons set forth in the Court's prior Report and Recommendation, the instant Motion should be denied with regard to Dr. Ronald Higgs and Dr. Clement Bernard. As discussed above, Plaintiff's claims against Corizon, Inc., should be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

    /s/ E. Clifton Knowles
E. CLIFTON KNOWLES
United States Magistrate Judge