# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| OMOWALE ASHANTI SHABAZZ, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:13-cv-00091 ) JUDGE CRENSHAW ) |
| DERRICK SCHOFIELD, *et al.*, | ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

Pending before the Court is a Reports and Recommendation ("R&R") of the Magistrate Judge. (Doc. No. 661.) The State Defendants have filed timely objections. (Doc. No. 665.) The Court has reviewed the R&R, the objections, and conducted a de novo review of the record. For the following reasons, the R&R is **ADOPTED**.

Defendants first contend that the excessive force claim cannot succeed because any injury was only de minimis. (Doc. No. 665 at 2 and 4.) However, a "significant injury is [not] a threshold requirement for stating an excessive force claim." Wilkins v. Gaddy, 559 U.S. 34, 36 (2010). Instead, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). A reasonable jury could find that Plaintiff could not comply with the officer's order to kneel down because he required a cane to walk and that Tressler acted maliciously to cause harm by performing a take down on Plaintiff. This objection is overruled.

Defendants next object that Plaintiff is not credible and his story is implausible. (Doc. No. 665 at 3.) The Court is not hearing testimony or making credibility determinations on a motion for

summary judgment. Instead, the Court only determines whether there is a material fact in dispute. FED. R. CIV. P. 56. The Court overrules this objection.

Next, Defendants argue that the Court should grant summary judgment on Plaintiff's deliberate indifference claim against Defendant Angela Combs. (Doc. No. 665 at 4.) The Magistrate Judge appropriately addressed this objection in the R&R (Doc. No. 661 at 10), and this objection is overruled.

Defendants next argue that Plaintiff cannot identify the correctional officer who committed the excessive force. (Doc. No. 665 at 8.) Plaintiff identified Tressler as the officer who committed the excessive use of force. The fact that he previously identified James Lundy as the officer and then changed his story is a fact regarding the credibility determination best left for the jury. This objection is overruled.

Defendants' last objections are regarding the First Amendment retaliation claim. (Doc. No. 665 at 14-19.) The Magistrate Judge appropriately addressed these arguments in the R&R (Doc. No. 661 at 21-23), and the Court overrules Defendants' objections for those reasons.

Accordingly, Defendants' motion for summary judgment (Doc. No. 616) is **GRANTED IN PART** with regard to Plaintiff's claims against Wanda Chafin, Sue Clark, Georgia Crowell, Sherry Freeman, Julie Holtkamp, Derrick Shofield, Jerry Lester, David Sexton, Jim Thrasher, Dan Walker, Rita Edwards, Laura Pierceall, David Jenkins, Harold Angel, Todd Wiggins, Tony Howerton, Connie Church, Jerry Gentry, and Rebecca Gouge. Those defendants are **DISMISSED WITH PREJUDICE**. Defendants' motion is **DENIED IN PART** with regard to Plaintiff's claims against Angela Combs, James Lundy, Clifford Tressler, Charles Short, Chris Davis, Misty Gregg, Ruby Anderson, Connie Church, Jerry Gentry, and Rebecca Gouge. Further Defendants' motion for summary judgment is **DENIED IN PART** regarding the statute of limitations and mootness

defenses. Plaintiff's claims regarding the Eighth Amendment failure to treat his Hepatitis C, excessive force claims arising on September 26, 2012, claims of failure to intervene, and claims of retaliation shall proceed to trial. Defendant Paige Reburn is **DISMISSED WITH PREJUDICE** because she has deceased.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE